```
                    United States District Court
                      District of Massachusetts
_____
                               )
T-Mobile Northeast LLC,        )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    09-11320-NMG
City of Lawrence and City of   )
Lawrence Zoning Board of       )
Appeals,                       )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff T-Mobile Northeast LLC ("T-Mobile") brings suit against the City of Lawrence, Massachusetts ("the City") and the City of Lawrence Zoning Board of Appeals ("the Board") pursuant to Section 704 of the Federal Telecommunications Act of 1996 ("the Act" or "the TCA"), 47 U.S.C. § 332(c). The plaintiff alleges that the defendants unlawfully denied its application for special permits and variances to install a wireless communications facility on the rooftop of a multi-family condominium building. The plaintiff moves for summary judgment and seeks a preliminary injunction directing the Board to grant the necessary permits.

### I.  Factual Background

T-Mobile is a Delaware limited liability company and successor to Omnipoint Communications, Inc. ("Omnipoint"). Both

are wholly-owned subsidiaries of T-Mobile U.S.A.[1] The City of Lawrence is a duly incorporated municipality existing under the laws of the Commonwealth of Massachusetts and the Zoning Board is a duly authorized unit of the City that has been delegated authority to grant zoning relief under the City's bylaws.

T-Mobile is a federally licensed provider of personal wireless and telecommunications services which operates in the New England market. T-Mobile's wireless network relies on the development of personal wireless service facilities or "cell sites" (i.e. antennas) which transmit and receive radio signals for wireless communications services. If there are insufficient cell sites in a particular location, users will be unable to make calls or calls in progress will be "dropped".

After substantial research and analysis, T-Mobile concluded that it has a significant gap in coverage in a predominantly residential area known as Prospect Hill in the northeastern quadrant of Lawrence. T-Mobile asserts that until the gap is remedied, it will be unable to provide reliable cell service.

In April, 2009, T-Mobile determined that an existing condominium building located at 178 Haverhill Street ("the Property") was of sufficient height to provide a solution to its

---

[1] Omnipoint was the applicant at the time of the permit application but T-Mobile acquired all of its assets (including interest in the application) on June 30, 2009.

coverage problem.  The Property, which contains five units but is located in a residential zone limited to single and two-family dwellings, is a lawfully existing, non-conforming structure. T-Mobile also identified alternative locations but determined that they were either unavailable for lease or insufficient to eliminate the gap in coverage.

Pursuant to the City of Lawrence Zoning Ordinance ("the Ordinance"), wireless facilities are not permitted in residential zones unless they are located on a municipally-owned building or structure, in which case a special permit and site plan approval are required.  The Ordinance also prohibits facilities within 1,000 feet of a residentially-zoned lot.  T-Mobile alleges that it has requested that the City make available municipally-owned properties for wireless use but the City has not done so.

In light of the restrictions set forth in the Ordinance, T-Mobile filed an application for zoning relief in order to erect a facility at the Property.  The proposed facility consists of six panel antennas, each six feet in length, to be hidden inside a "stealth" chimney, a structure manufactured to match existing chimneys on the rooftop and to shield the antennas from view. The application sought a "use variance" for wireless use in the prohibited zone and a "dimensional variance" from the 1,000-foot setback regulation.

The Board held public hearings on T-Mobile's application on

May 7 and 28, 2009. During the course of the hearings, T-Mobile submitted extensive evidence and expert testimony demonstrating that: 1) it has a substantial gap in cellular service, 2) it examined alternative structures in the area and determined they were unsuitable, 3) the proposed antennas were substantially screened from view by the stealth chimney and 4) the antennas complied with the filing, design and performance standards of the Ordinance. T-Mobile's application received a positive recommendation from the City of Lawrence City Planner, who noted that the stealth design mitigated against aesthetic concerns and that strict application of the 1,000-foot setback rule would render wireless communications virtually impossible within the City.

After the close of the public portion of the hearing, the Board denied T-Mobile's application by a vote of three to two. As reasons for its decision, the Board stated that it could not find sufficient facts to grant the relief sought. The majority expressed concerns at the hearing that the facility should be located on municipally-owned property so that the City could benefit financially.

After the Board's denial of the application, the City provided T-Mobile with a list of municipally-owned sites for it to examine for feasibility. T-Mobile determined that two of the sites were suitable but contends that the City failed to make

them available through a public bidding process.

## II. Procedural History

The complaint, filed on August 6, 2009, alleges that the Board's denial of the application constitutes a prohibition of personal wireless services (Count I), a lack of substantial evidence in a written record (Count II) and a denial on the basis of environmental effects of radio frequency emissions (Count III), all in violation of the TCA.  The plaintiff also contends that the Board's decision exceeds its authority under Mass. Gen. Laws ch. 40A and is arbitrary, capricious, unreasonable and whimsical (Count IV).  The plaintiff appears to have abandoned Counts III and IV because it fails to address them in any of its memoranda.  The Court confines its consideration of the dispute accordingly.

On September 15, 2010, the Court held a hearing on the plaintiff's motion for summary judgment and a preliminary injunction.  The Court indicated it was inclined to find that the TCA had been violated but would take the motion under advisement for a short period, during which the defendants could file a supplemental brief to show 1) what alternative sites the City would make available and 2) a best estimate of a reasonable time frame for doing so.  The plaintiff requested that the City Council be required to resolve to make specific sites open to public bidding.  The Court declined the plaintiff's request but

indicated that the nature of the defendants' response would be weighed in its decision.

On September 29, 2010, the defendants submitted a supplemental brief, urging the Court to remand the matter to the City, and an Affidavit of Mayor William Lantigua. The Mayor reports that: 1) he has ordered the City's Planning and Economic Development Offices to request proposals for the location of telecommunications equipment on municipally-owned locations, 2) although he would like to offer the locations himself, he is restricted by law to the procedure of proposal requests and 3) the entire public bidding process will take two months or less.

On October 7, 2010, the plaintiff filed a supplemental brief, arguing that the Mayor's Affidavit is insufficient, makes promises he cannot keep and underestimates the time required to complete the public bidding process. The plaintiff proffers the Affidavit of Gerald Marquis, the New England Real Estate Manager for the plaintiff which estimates that the process will more realistically take 9-18 months. The plaintiff also contends that the City's failure to offer alternatives sites <u>during</u> the public hearing process constitutes an effective prohibition in violation of the TCA which cannot be remedied by the City's purported willingness to begin the competitive bidding process now.

The plaintiff asserts that the defendants have failed to demonstrate that the City Council is interested in offering sites

for public bidding or is even aware of that possibility.  On
November 12, 2010, the plaintiff's attorney filed an affidavit in
which he avers that, after diligent effort, he has been unable to
discern any plans, discussion or process on the part of the
Planning and Economic Development Office to make municipally-
owned property available for wireless providers.

**III. <u>Analysis</u>**

    **A.   Standard of Review**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u>  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B. Application**

Section 704 of the Federal Telecommunications Act governs the regulation of the placement, construction and modification of personal wireless service facilities. The Act's primary purpose is to "encourage the rapid deployment of new telecommunications technologies," Reno v. ACLU, 521 U.S. 844, 857 (1997) (internal citation omitted), while at the same time preserving state and local control over zoning matters. Town of Amherst v. Omnipoint Commc'ns Enter., Inc., 173 F.3d 9, 13 (1st Cir. 1999). The Act provides that any person adversely affected by a state or local government's act that is inconsistent with the Act may seek expedited review in federal court. 47 U.S.C. § 332(c)(7)(B)(v).

The Act attempts, subject to five enumerated limitations, to

preserve state and local authority over the placement and construction of facilities. Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals, 297 F.3d 14, 21-22 (1st Cir. 2002). Among those limitations are:

1) any decision by a State or local government to deny a request to construct personal wireless services facilities shall be in writing and supported by substantial evidence ("the substantial evidence requirement") and

2) the regulation of the placement or construction of personal wireless facilities shall not prohibit or have the effect of prohibiting the provision of personal wireless services ("the effective prohibition ban").

47 U.S.C. § 332(c)(7)(B)(i)(II), (B)(i)(iii). T-Mobile alleges that the Boards's denial of its permit and variance is in violation of both those provisions.

### 1. Substantial Evidence Requirement (Count II)

A decision by a local zoning board to deny a permit or variance to construct a personal wireless services facility must be in writing and supported by substantial evidence. 47 U.S.C. § 332(c)(7)(B)(i)(II). The burden of proof that the record contains substantial evidence rests with the zoning board. Sprint Spectrum, LLP v. Town of Easton, 982 F. Supp. 47, 49 (D. Mass. 1997). Although the board need not make formal findings of fact or state every single fact in the record, it may not "hide the ball". Nat'l Tower, 297 F.3d at 20-21. Its written decision must contain a "sufficient explanation of the reason for the denial to allow a reviewing court to evaluate the evidence

supporting those reasons." Id.

The Court's review is confined to the record before the zoning board, ATC Realty v. Kingston, 303 F.3d 91, 95 (1st Cir. 2002), and must take into account evidence that supports and contradicts its conclusions. Cellco P'ship v. Town of Grafton, 336 F. Supp. 2d 71, 79 (D. Mass. 2004). A mere recitation of provisions of a local zoning ordinance does not constitute "substantial evidence" under the Act. See Sprint Spectrum v. Town of Swansea, 574 F. Supp. 2d 227, 236 (D. Mass. 2008) (board failed to provide substantial evidence when its decision merely "parrot[ed]" the city's bylaws). Failure to give due consideration to the requirements of the TCA can also violate the substantial evidence requirement. See, e.g., Nextel Commc'ns of the Mid-Atlantic, Inc. v. Town of Wayland, 231 F. Supp. 2d 396, 407 (D. Mass. 2002) (board declined to address whether ordinance violated effective prohibition ban).

Under that standard, the Board's decision here is plainly deficient. In denying T-Mobile's application for a special permit, the Board merely stated that it "could not find sufficient facts ... to grant the relief sought" and then recited, by rote, the requirements of the Ordinance that would have otherwise permitted allowance:

1) the traffic generated by the use will not be detrimental to the neighborhood;

2) the use will be detrimental to the area in which it is

> located because this is a residential area and cell antennae are not permitted and is more detrimental than the existing non-conforming building in the neighborhood;
>
> 3) the use will not result in any objectionable fumes, noise, chemical spills or hazardous wastes; and
>
> 4) the hours of operation are compatible with the uses in the neighborhood.[2]

Although the Board's decision provided a brief summary of the evidence presented to the Board and the concerns raised at the public hearings, it provided no specific facts to support its findings. Its decision utterly fails to address any specific factors that relate the requirements of the Ordinance.

Furthermore, the evidence in the record tends to contradict, rather than support, the Board's conclusions. In its permit application, T-Mobile proffered evidence that the antenna 1) will produce only one to two car trips per month, 2) will produce no noise, fumes or odors, 3) is unmanned and 4) is concealed with stealth chimneys.

The Board's findings with respect to the dimensional variance from the 1,000-foot setback are equally obscure. The Board simply recited the relevant requirements and stated that "none of [them] could be met" without adducing any specific facts to support its conclusions.

---

[2] The Board stated the second required finding inversely, concluding that the presence of the antennae would be a detriment to the neighborhood (but without articulating <u>how</u> it was detrimental).

The Minutes from the Board's meeting suggest that several members were reluctant to accept T-Mobile's radio frequency coverage maps and expert testimony as sufficient evidence of a coverage gap.  A Board member and a member of the public both opined that they were satisfied with T-Mobile's cellular coverage in the area but the Board improperly ignored the only available expert testimony on the issue.  Sprint Spectrum, LP v. Town of Farmington, 1997 U.S. Dist. LEXIS 15832, at *11-12 (D. Mass. Oct. 6, 1997).  Unscientific, anecdotal evidence will not suffice to controvert the plaintiff's evidence of a coverage gap.

In sum, the Board's bare-bones decision denying T-Mobile's application for a special zoning permit does not comply with the TCA's substantial evidence requirement.  Summary judgment will enter for the plaintiff on Count II.

### 2. Effective Prohibition Ban (Count I)

Under the TCA, the Court may order injunctive relief if the defendant violates <u>either</u> the "substantial evidence requirement" or the "effective prohibition ban".  Thus, having found that summary judgment will enter for the plaintiff with respect to the substantial evidence claim (Count II), the Court need not address the effective prohibition ban claim (Count I).

### 3. Appropriate Relief for a Violation of the TCA

The TCA makes clear that it expects expeditious resolution of zoning disputes on the part of local authorities and courts

enforcing federal limitations.  See 47 U.S.C. § 332(c)(7)(B)(v) (directing district courts to "hear and decide such action[s] on an expedited basis.").  Thus, an award of injunctive relief, rather than a remand, is often a preferred method of relief.  Brehmer v. Planning Bd. of Wellfleet, 238 F.3d 117, 121 (1st Cir. 2001).  In many cases, the proper remedy for a zoning violation is an order instructing the local board to authorize construction of the antenna.  Nat'l Tower, 297 F.3d at 21-22.  On the other hand, where there has been "good faith confusion by a board," a remand may be more appropriate.  Id. at 24.

In this case, an injunction is warranted and the Court will order the Board to issue the requested permits and thereby authorize construction of the plaintiff's proposed antenna.  See Nat'l Tower, 297 F.3d at 21-22 (finding proper remedy for TCA violations in most cases to be order instructing board to authorize construction); Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 497 (2d Cir. 1999) (collecting cases).

Although the defendants seek a remand to the Board, their suggested intention of opening up alternative municipally-owned sites for public bidding is too little too late.  The Mayor's Affidavit is no substitute for action by the City Council or the Board.  To remand the case would simply extend the litigation, contrary to the TCA's directive to the Court to "hear and decide such action[s] on an expedited basis."  47 U.S.C.

§ 332(c)(7)(B)(v); see <u>Tennessee ex rel. Wireless Income Prop., LLC</u> v. <u>City of Chattanooga</u>, 403 F.3d 392, 400 (6th Cir. 2005) (finding lower court's remand to the City due to violation of substantial evidence requirement would only subject the parties to further litigation and thus ordering the City to grant the requested permits instead).

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion for summary judgment (Docket No. 15) is, with respect to Count II, **ALLOWED,** and, with respect to Count I, **DENIED,** as moot; and

2) plaintiff's motion for preliminary injunction (Docket No. 15) is **ALLOWED.**

The defendants are hereby directed to issue the requested permits and thereby authorize the construction of the plaintiff's proposed antenna.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated December 13, 2010